**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW MICOZZI,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GREEN,<br><br>Defendant. | ) | CASE NO. 5:26-cv-1872<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER OF REMAND** |

This matter comes before the Court on defendant City of Green's ("Green") motion to dismiss. (Doc. No. 3 (Motion to Dismiss).) Plaintiff Matthew Micozzi ("Micozzi") opposes the motion (Doc. No. 4 (Opposition)), and Green has filed a reply. (Doc. No. 5 (Reply).) For the reasons set forth herein, Count IV of the complaint is **DISMISSED** and this case is **REMANDED to the Summit County Court of Common Pleas**.

## I. BACKGROUND

According to the complaint, Micozzi "was employed continuously" by the Green Fire Department ("Green FD") from January 2003 until his retirement as a Fire Lieutenant on April 30, 2025. (Doc. No. 1-1 (Complaint) ¶¶ 8–10.) Although Micozzi intended to complete his "25 years of service"[1] before retiring, he underwent heart surgery in 2020 and found the pace and demands of Green FD difficult to maintain post-surgery. (*Id.* ¶¶ 46–49.) Thus, since January 12, 2021, he

[1] "Under Ohio Police and Fire Pension Fund rules and guidance, a member with 25 years of service credit may separate for retirement before reaching 48 years of age, but will not receive pension payments until reaching 48 years of age." (Doc. No. 1-1 ¶ 14.)

has worked for Reminderville where the work is "substantially less demanding[.]" (*Id.* ¶¶ 50–51.) Micozzi was at all relevant times a member of the International Association of Fire Fighters Local #2964 ("IAFF") and "an employee, bargaining-unit member, and/or intended beneficiary of contractual rights, agreements, policies, and collective-bargaining provisions applicable to his employment with" Green and, therefore, claims he "should have been eligible to retire with full benefits on March 31, 2025." (*Id.* ¶¶ 1–3, 16.)

As alleged, Micozzi retired with "more than 2,400 hours of earned and unused sick time" but Green refused to pay him any "earned sick time separation pay[]" because Green "did not view [Micozzi's] separation as a retirement." (*Id.* ¶¶ 10–13, 16–18, 20–23, 25, 57.) Micozzi enlisted his IAFF representative to assist with pursuing immediate payment, and the IAFF "filed a grievance" on Micozzi's behalf. (*Id.* ¶¶ 26–28.) After Green FD Chief Jeff Funai and Mayor Rocco Yeargin ("Yeargin") denied the grievance, the IAFF requested arbitration and Green counter-proposed a labor-management meeting to resolve the matter. (*Id.* ¶¶ 27–31.) At the meeting, Yeargin "stated that he had reviewed [Micozzi's] case and believed" Green was not obligated to pay "but wanted to offer a settlement that would address the parties' concerns." (*Id.* ¶¶ 33–34.) According to the complaint, Yeargin offered to pay Micozzi "what he was owed" provided the IAFF "drop the arbitration and remain open to discussing" changes to the CBA's separation clause language. (*Id.* ¶¶ 35–37.) Although the parties orally agreed and Yeargin did not condition payment on the IAFF adopting new CBA language, "[Micozzi] was not paid[,]" the IAFF membership voted down the proposal, and on August 21, 2025, the IAFF informed Micozzi in writing that it "would not represent him and would not arbitrate his grievance." (*Id.* ¶¶ 40–45.)

On July 5, 2026, Micozzi filed this action against Green in state court alleging *inter alia* that, following his retirement, Green wrongfully withheld paying out his earned and unused sick

time and later failed to honor an agreed settlement. Micozzi asserts four claims against Green: breach of contract, breach of settlement agreement, breach of collective bargaining agreement, and "to the extent applicable" a violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (*Id.* ¶¶ 4, 58–79.) Green removed this action under 28 U.S.C. § 1441(c) from the Summit County Court of Common Pleas pursuant to 28 U.S.C. § 1331, based on Micozzi's alleging a violation of § 301 of the LMRA.[2] (Doc. No. 1 (Notice of Removal) ¶¶ 2, 10–15.)

## II. STANDARD OF REVIEW

### A. Failure to State a Claim

A Rule 12(b)(6) motion tests a complaint's sufficiency against the notice pleading requirements of Rule 8(a)(2). *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). Rule 8 does not require a plaintiff to set forth detailed factual allegations, but he must still allege facts sufficient to give the defendant fair notice of his claims and the grounds upon which they rest. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citations omitted). A court must dismiss any action where the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action[,]" and "naked assertions devoid of further factual enhancement" fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified). While a court must construe the pleadings in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), it "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)

[2] Count IV represents Micozzi's only federal claim. (Doc. No. 1-1 ¶¶ 4–5, 74–79.)

(citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged his claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

**B. Subject-Matter Jurisdiction**

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7, 142 S. Ct. 1310, 212 L. Ed. 2d 355 (2022) (citation omitted). Concerns about a federal court's subject matter jurisdiction must take precedent over a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (explaining that a "Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction" (citation omitted)).

Under 28 U.S.C. §§ 1331 and 1332, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d

318 (1987) (citation modified). Micozzi in opposing dismissal, has raised serious concerns regarding the cognizability of his LMRA claim—Green's sole basis for removal. (Doc. No. 4, at 1.[3]) The Court will therefore evaluate its subject matter jurisdiction under traditional Rule 12(b)(1) principles. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

## III. DISCUSSION

After removing this action Green moved to dismiss Micozzi's complaint for failure to state a claim because "[Micozzi's] claims brought pursuant to Section 301 are time-barred by the six-month statute of limitations and . . . [his] state law claims are preempted by Section 301, time-barred and should be dismissed." (Doc. No. 3, at 3.) Micozzi counters that his factual allegations simply cannot support a claim under § 301. (Doc. No. 4, at 1.) He argues that "[t]he [c]omplaint plead[s] the LMRA claim *only* 'to the extent applicable.'" (*Id.* (emphasis added) (quoting Doc. No. 1-1 ¶ 75), 3; *see also* Doc. No. 1-1 ¶¶ 4, 75.) Micozzi insists that because the complaint plainly pleads that Green is a "municipal corporation and political subdivision" (*see* Doc. No. 1-1 ¶ 1) and public entities are "excluded from the [LMRA's] definition of 'employer,'" the LMRA "is ***not*** applicable." (Doc. No. 4, at 1 (emphasis added).) Accordingly, he recommends that the Court "deny [Green's] request to dismiss the [c]omplaint in its entirety, dismiss only Count IV [(the § 301 claim)] . . . and remand the remaining Ohio-law claims to" state court. (*Id.*) The Court agrees with Micozzi.

### A. Green Is Exempt From The LMRA

In 29 U.S.C. § 142(3), the LMRA adopted the definitions set forth in 29 U.S.C. § 152(2), which explicitly exclude from its definition of an employer, "any State or political subdivision

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

thereof[.]" *See Moir*, 895 F.2d at 269 (noting that § 152(2) expressly "excluded political subdivisions" from the definition of employer). Section 152(3) correspondingly excludes "any individual employed . . . by any other person who is not an employer as herein provided." Because Micozzi alleges that he "was an employee, bargaining-unit member, and/or intended beneficiary of contractual rights, agreements, policies, and collective-bargaining provisions applicable to his employment with" Green, and Green is definitionally exempted from the LMRA, Micozzi cannot maintain a § 301 claim against Green. (Doc. No. 1-1 ¶ 1); *Hill v. City of Philadelphia*, 331 F. App'x 138, 142 (3d Cir. 2009) ("The City of Philadelphia, however, is a political subdivision exempt from the provisions of the NLRA." (citations omitted)); *Richards v. Ohio Civil Serv., Emps. Ass'n*, 205 F. App'x 347, 355 (6th Cir. 2006) ("[T]he LMRA expressly excludes public employers—and by association, public employees—from its coverage." (citations omitted)).

Because the LMRA excludes public employers like Green from its ambit, the only question is whether Rule 12(b)(1) or 12(b)(6) is the proper mechanism by which to dismiss Count IV.[4] During the past two decades courts have reexamined the LMRA's public employer exclusion and diverged over if an LMRA claim against an excluded employer fails on the merits under Rule

[4] Prior to *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), it was beyond peradventure that federal courts lacked jurisdiction over an LMRA claim brought against an excluded employer. *See, e.g.*, *Long v. City of Saginaw*, 911 F.2d 1192, 1203 (6th Cir. 1990); *Ayres v. Int'l Bhd. of Elec. Workers*, 666 F.2d 441, 443 (9th Cir. 1982); *Crilly v. Se. Pa Transp. Auth.*, 529 F.2d 1355, 1360 (3d Cir. 1976); *Chaparro-Febus v. Int'l Longshoremen Ass'n, Loc. 1575*, 983 F.2d 325, 329–30 (1st Cir. 1992); *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359–60 (7th Cir. 1998).

12(b)(6) or for a lack of subject-matter jurisdiction under Rule 12(b)(1).[5] Because the result in the case *sub judice* is the same under either analysis, the Court declines to wade into the debate.

Under either approach, the proper disposition is to dismiss Micozzi's federal claim and remand his supplemental state-law claims. To the extent this Court lacked original jurisdiction over the action because of the absence of a federal claim, the Court has no means by which to exercise jurisdiction over the supplemental state-law claims and they must be remanded. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27–28, 145 S. Ct. 41, 220 L. Ed. 2d 289 (2025) ("If a statute confers federal jurisdiction over a suit, not only the plaintiff but also the defendant can get it into federal court. . . . And there the case (including supplemental state claims) usually remains. Except that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court." (citation modified)). To the extent Green's presence prevents Micozzi from stating a federal claim, the § 301 claim must be dismissed under Rule 12(b)(6), and this Court declines to exercise supplemental jurisdiction over the state claims. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." (citation modified)); *Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where

[5] The Court appreciates that whether an LMRA claim against an exempt employer is a jurisdictional issue, implicating Rule 12(b)(1), or fails to state a claim, implicating Rule 12(b)(6), is unsettled both intra and inter-circuit. *Compare*, *e.g.*, *Green v. Dep't of Educ.*, 16 F.4th 1070, 1076 (2d Cir. 2021); *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1004–07 (6th Cir. 2009); *McCormick v. City of Pontiac*, No. 10-11382, 2010 WL 3272833, at *2 (E.D. Mich. Aug. 18, 2010); *Majied v. Cuyahoga Cnty. Bd. of Comm'rs*, No. 09-cv-344, 2009 WL 2496883, at *2 (N.D. Ohio Aug.14, 2009); *with*, *e.g.*, *Gamble v. Greater Cleveland Reg'l Transit Auth.*, No. 15-4208, 2017 WL 5135537, at *2 (6th Cir. June 2, 2017); *Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009); *Moore v. Allen Cnty. Reg'l Transit Auth.*, No. 3:15-cv-726, 2016 WL 4574050, at *1 (N.D. Ohio Aug. 29, 2016).

all of the federal claims were dismissed "at this early stage of litigation"); *see also Jackson Transit Auth. v. Loc. Div. 1285, Amalgamated Transit Union, AFL-CIO-CLC*, 457 U.S. 15, 30, 102 S. Ct. 2202, 72 L. Ed. 2d 639 (1982) ("Because a federal court should exercise extreme caution before assuming jurisdiction not clearly conferred by Congress, we should not condone the implication of federal jurisdiction over contract claims in the absence of an unambiguous expression of congressional intent." (Powell, J., concurring)).

**B. Green's Arguments for Complete Dismissal are Unavailing**

Green's arguments do not sway the Court to reach a different conclusion. Green moved to dismiss Micozzi's complaint based solely on the LMRA's statute of limitations and its preemptive force over Micozzi's supplemental state law claims.[6] (Doc. No. 3, at 3.) Notwithstanding Green's incorrect assertion that *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983) supplies a six-month statute of limitations period for Micozzi's federal claim,[7] any statute of limitations applicable to the LMRA is irrelevant here because Micozzi cannot maintain an LMRA claim against Green. Likewise, Green's argument that Micozzi's state law claims are preempted by the LMRA is irrelevant because the LMRA is inapplicable. *Malast v. Civ. Serv. Emps. Ass'n, Inc., Loc. 830, AFSCME, AFL-CIO*, 474 F. App'x 829, 830 (2d Cir. 2012) ("Congress's explicit intention to exclude public employees [] from the ambit of federal regulation renders the district court's preemption holding untenable, as the question whether a certain state

[6] "The Supreme Court has held that the pre-emptive force of § 301 of the LMRA is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Youseff v. Ford Motor Co.*, No. 9903608, 2000 WL 799314, at *2 (6th Cir. 2000) (Table) (citation modified).

[7] In *DelCostello*, the Supreme Court determined that § 301 hybrid claims brought against an employer ***and*** a union are subject to a six-month statute of limitations (462 U.S. at 169); however, the relevant statute of limitations for a straightforward breach of contract § 301 claim (like Micozzi's) is the governing state statute of limitations. *See Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–08, 86 S. Ct. 1107, 16 L. Ed. 2d 192 (1966).

action is pre-empted by federal law is one of congressional intent." (citation modified)); *Laba v. Chicago Transit Auth.*, No. 14-cv-4091, 2016 WL 147656, at *4 (N.D. Ill. Jan. 13, 2016) (similar); *Johnson v. City of Evansville*, No. 317-cv-00124JMSTAB, 2019 WL 2009313, at *12 (S.D. Ind. May 7, 2019) (similar).

Green, in reply, does not argue that this Court possesses jurisdiction over Micozzi's LMRA claim, instead arguing that Micozzi "clearly alleges a cause of action pursuant to [§] 301 of the LMRA . . . [and that Green] violated the collective bargaining agreement as relates [sic] to their actions involving [Micozzi]." (Doc. No. 5, at 6.) Green also complains that Micozzi "has not filed a Motion to Amend his Complaint," "is asking this Court to consider alternative theories and arguments which are not contained in his Complaint," and "attempts to change the nature of his claims in his [opposition]." (*Id.* at 2–3.)

Green's arguments miss the forest for the trees: Micozzi's LMRA claim does not exist by statute. Because Green moved to dismiss Micozzi's complaint under Rule 12(b)(6), Micozzi raised questions going to this Court's subject-matter jurisdiction, and it is undisputed that the complaint facially pleads an LMRA claim against an excluded employer—the LMRA claim cannot proceed.

## IV. CONCLUSION

Accordingly, Count IV of the complaint is **DISMISSED**. Because the Court did not have federal question jurisdiction pursuant to 28 U.S.C. § 1331, the remaining state law claims are **REMANDED to the Summit County Court of Common Pleas.**

**IT IS SO ORDERED**.

Dated: October 19, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**